# EXHIBIT 1

Case Number: CACE-21-008757 Division: 14

Filing # 125910609 E-Filed 04/30/2021 09:25:50 AM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>Thomas Ervay</u>
Plaintiff                                             Case # _____
                                                      Judge _____

vs.
<u>Tribal Nutrition LLC</u>
Defendant

**II.     AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.     TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 04/30/2021 09:25:47 A.M.****

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability—commercial
   ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure
   ☐ Homestead residential foreclosure
   ☐ Non-homestead residential foreclosure
   ☐ Other real property actions

☐Professional malpractice
   ☐ Malpractice—business
   ☐ Malpractice—medical
   ☐ Malpractice—other professional
☒ Other
   ☐ Antitrust/Trade regulation
   ☐ Business transactions
   ☐ Constitutional challenge—statute or ordinance
   ☐ Constitutional challenge—proposed amendment
   ☐ Corporate trusts
   ☐ Discrimination—employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

<u>2</u>

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☒ yes
  ☐ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Michael L Eisenband</u>   Fla. Bar # <u>94235</u>
   Attorney or party        (Bar # if attorney)

<u>Michael L Eisenband</u>     <u>04/30/2021</u>
(type or print name)      Date

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.**

THOMAS ERVAY,
individually and on behalf of all
others similarly situated,                              **CLASS REPRESENTATION**

    Plaintiff,                                          **JURY TRIAL DEMANDED**

v.

TRIBAL NUTRITION LLC,

    Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff THOMAS ERVAY brings this class action against Defendant TRIBAL NUTRITION LLC, and alleges as follows upon personal knowledge as to themself and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE ACTION

1.       This is a putative class action under the Telephone Consumer Protection Act ("TCPA") and its implementing regulations.

2.       Defendant sells ready to go meals online.[1]

3.       Defendant engages in unsolicited telemarketing directed towards prospective customers with no regard for consumers' privacy rights.

4.       Plaintiff brings this action for statutory damages and other legal and equitable remedies resulting from the unlawful actions of Defendant in transmitting advertising and telemarketing text messages to Plaintiff's cellular telephone and the cellular telephones of

---

[1] Ingredients | Ka'Chava (kachava.com)

13

numerous other similarly situated persons using an automatic telephone dialing system ("**ATDS**") and without anyone's prior express written consent, in violation of the TCPA.

## PARTIES

5.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Broward County, Florida, and the subscriber and user of the cellular telephone number (305) ***-5826.

6.      Defendant is a company based out of Nevada and is a "person" as defined by 47 U.S.C. § 153(39). Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Section 26.012(2), Florida Statutes.  The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

8.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contact with this state. Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida via an ATDS and without obtaining the requisite prior express written consent, in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited advertising or telemarketing SMS text messages to Plaintiff to sell products and services in Florida.  Plaintiff received such messages while residing in and physically present in Florida and Plaintiff has a cellular telephone number with a 954-area code which coincides with locations in South Florida.

9.      Venue for this action is proper in this Court because the cause of action accrued in Broward County, Florida. *See* §§ 47.011, 47.051, Florida Statutes.

13

10. All facts giving rise to this action occurred in the State of Florida.

## **FACTS**

11. On or about November 26, 2020 and November 30, 2020, Defendant caused the following automated text messages to be transmitted to Plaintiff's cellular telephone number ending in 5826 ("5826 Number"):

Ka'Chava: Here it is! SAVE 30% Right Now for Black Friday. Your ONLY chance to SAVE BIG this year! Limited Supply. Click now --> https://kav6.io/0/54A93 Text STOP to opt-out

If you've ever thought about trying Ka'Chava, this is your moment to act. Best deal of the year for Cyber Monday > https://kav6.io/0/5EnqK Text STOP to opt-out

15. The text messages sent to Plaintiff advertise Defendant's property, goods, or services.

16. At least one purpose of the text messages was to encourage Plaintiff's purchase of Defendant's property, goods or services.

13

17.     Upon information and belief, Defendant obtains a financial benefit from selling its property, goods or services.

18.     At no point in time did Plaintiff provide Defendant with Plaintiff's express consent to be contacted by text messages using an ATDS.

19.     Plaintiff is the sole user and/or subscriber of the 5826 Number.

20.     The number used by Defendant (954-280-2994 and 833-458-3477) are known as a "long code," a standard 10-digit phone number that enabled Defendant to send SMS text messages en masse, while deceiving recipients into believing that the message was personalized and sent from a telephone number operated by an individual.

21.     Long codes work as follows:  Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic. These SMS gateway providers send and receive SMS traffic to and from the mobile phone networks' SMS centers, which are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of SMS messages to and from a long code.

22.     The 5826 Number has been on the National Do Not Call Registry since 2003.

23.     At the time Plaintiff received these text messages Plaintiff was the subscriber and/or sole user of the 5826 Number.

24.     At all times relevant to this action, the 5826 Number has been a residential phone number.

25.     Plaintiff never provided Defendant with express written consent to contact his cellular telephone with advertisements using an automatic telephone dialing system ("ATDS").

26.     The impersonal and generic nature of Defendant's text message, demonstrates that Defendant utilized an ATDS in transmitting the text messages. The messages include no personal

13

identifiers and are formatted in a generic manner.

27.     The text messages also include instructions on how to respond so that the ATDS will understand the command. For example "Text STOP to opt-out".

28.     The text message also appears generically formatted and scripted which is another indication of the use of an ATDS. *See Flores v. Adir Int'l, LLC*, No. 15 CV 56260, 685 Fed. Appx. 533, 2017 U.S. App. LEXIS 5228, 2017 WL 1101103, at *2 (9th Cir. Mar. 24, 2017).

29.     The Platform utilized by Defendant is an ATDS because it has the capacity to (1) store telephone numbers; (2) using a random or sequential number generator.

30.     Specifically, the Platform has the capacity to indefinitely store telephone numbers within a computer database for subsequent dialing.

31.     Further, the Platform has the capacity to utilize a random and sequential number generator in the storage of those numbers, and does in fact utilize said number generator for a variety of functions including, but not limited to, the selection and creation of SMS packets containing the target telephone numbers to be dialed by the Platform, as well as the sequential and/or random selection of telephone numbers to be dialed from a preselected list of numbers.

32.     A packet in the context of SMS transmission is an envelope of data that contains various instructions and content, including the target cellular telephone number to be dialed, the sequence in which to dial each number, and wording of the message.  The following is an example of an typical SMS packet:

> SubmitReq:StatusReportReq=true,Destination=0011166500313,Sequen
> ce=35722139,Originator=91157,OriginatorType=3,Body=3:2e:0a11:2f
> 14:2f11:0aDEBIT(p)$1:2e47:0aCHKCARDFOUTSETCROBERTIDU
> S:0aFornexttransaction:3aReplyN:0aForprevious:3aReplyP,BillingRef=
> ,ClientRef=41883049-
> 1,ProfileId=31174,Operator=31003,Tariff=0,Tag-
> Program=stdrt,TagChClientID=31174,TagChUsername=corvette_3117
> 4,ServiceId=51437,Interface=xml,

33.     In the context of SMS packet creation, the Platform utilizes a random and/or sequential number generator to pull and generate telephone numbers from a list of numbers and transfer those numbers to a separate list for the creation of the packets, and ultimately placement into each independent SMS packet.

34.     In the context of dialing the numbers, the Platform utilizes a random and/or sequential number generator to pick and designate the sequence in which to dial the telephone numbers. The Platform independently selects the rate and time at which to dial each telephone numbers and may temporarily store the packets in a queue when the volume exceeds capacity to deliver them.

35.     The Platform also has the capacity to use its random and/or sequential number generator to generate random or sequential identification numbers that it assigns to each SMS packet.

36.     Defendant's unsolicited calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to his life.

## CLASS REPRESENTATION ALLEGATIONS

### PROPOSED CLASS

37.     Plaintiff brings this action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3) on behalf of the following "Class" (including "Class Members" and "Members")

38.     Plaintiff brings this case on behalf of the below defined Classes:

**NO CONSENT CLASS:** All persons in the United States who, within four years prior to the filing of this action, (1) were sent a text message by or on behalf of Defendant, (2) using the same equipment or type of equipment utilized to text message Plaintiff, (3) regarding Defendant's property, goods, and/or services.

**DO NOT CALL REGISTRY CLASS:** All persons in the United States who from four years prior to the filing of this action: (1) were sent a text message, prerecorded message or phone call by or on

13

**behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of advertising and/or promoting Defendant's products and services.**

39.    Excluded from the Class are Defendant, any entity in which any Defendant has a controlling interest (or which has a controlling interest of any Defendant) and any of Defendant's legal representatives, assigns, or successors.  Also excluded is any judge presiding over, or attorney making an appearance in, this case and any member of any such judge's or attorney's immediate family. Members of the Class are referred to as "Class Members."

40.    Plaintiff reserves the right to modify the definition of the Class or at any appropriate time to seek certification with respect to any particular issues or to add one or more subclasses.

### NUMEROSITY

41.    Upon information and belief, Defendant has placed calls to cellular telephone numbers belonging to thousands of consumers. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

42.    The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

43.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    a. Whether Defendant transmitted or caused to be text messages to Class Members' cell phones;

    b. Whether Defendant's text messages were sent to Class Members using the same platform;

    c. Whether the text messages that Defendant transmitted or caused to be transmitted to Class Members' cell phones contained advertisements or

13

constituted telemarketing;

   d. Whether Defendant transmitted or caused to be transmitted text messages to Class Members' cellular telephones using an ATDS;

   e. Whether Defendant initiated telemarketing calls to telephone numbers listed on the National Do Not Call Registry;

   f. Whether Defendant can demonstrate that they uniformly obtained Plaintiff and each Class Members' prior express written consent (as defined by 47 C.F.R. 64.1200(f)(8)) to send the complained of text messages;

   g. Whether Defendant complained of conduct was knowing and/or willful, and;

   h. Whether Defendant and/or any of its affiliates, subsidiaries, or agents should be enjoined from engaging in such conduct in the future.

44. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits unsolicited text messages to telephone is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

45. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

46. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

47. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote,

13

and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

48.      The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the No Consent Class)

49.      Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

50.      It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

51.      It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… using an automatic telephone dialing system…To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."  47 C.F.R. § 64.1200(a)(1)(iii).

52.      Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system…other than a call made with the prior express written consent of the called party or the prior express consent of the called party

when the call is made…" 47 C.F.R. § 64.1200(a)(2).

53. Defendant utilized equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

54. These calls were made without the consent of the called party in that Defendant failed to secure express consent and/or continued to transmit text messages after consent was revoked.

55. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their consent.

56. Defendant has therefore violated § 64.1200(a)(1)(iii) and § 64.1200(a)(2) by using an automatic telephone dialing system to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express written consent.

57. Defendant knew that it did not have consent to make these calls and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system. The violations were therefore willful or knowing.

58. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. Id.

## COUNT II
## Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

59. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-48 as if fully set forth herein.

60. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

13

person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

61.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

62.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

63.     Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

64.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

65.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations

of 47 C.F.R. § 64.1200.

66.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Classes;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, et seq., and its implementing regulations, Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3);

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, et seq., and its implementing regulations, Plaintiff seeks for himself and each member of the Classes treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e) An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

f) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes;

g) An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, recipient's consent to receive

calls made with such equipment first and cease initiating calls to telephone numbers listed on the National Do Not Call Registry;

h) A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200(a)(1)(iii);

i) A declaration that Defendant's violations of 47 C.F.R. § 64.1200(a)(1)(iii) were willful and knowing; and

j) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

DATED: April 30, 2021

Respectfully Submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**EISENBAND LAW, P.A.**

*/s/ Michael Eisenband*
Michael Eisenband, Esq.
Florida Bar No. 94235
Michael Eisenband
515 E. Las Olas Boulevard,

13

Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

Case Number: CACE-21-008757 Division: 14

Filing # 125910609 E-Filed 04/30/2021 09:25:50 AM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.**

THOMAS ERVAY,
individually and on behalf of all
others similarly situated,                              **CLASS REPRESENTATION**

    Plaintiff,                                              **JURY TRIAL DEMANDED**

v.

TRIBAL NUTRITION LLC,

    Defendant.

**<u>SUMMONS</u>**
**<u>IMPORTANT</u>**

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on the following defendant:

    **TRIBAL NUTRITION LLC through its Registered Agent Wade Gribaldo at**
    **the address of 279 Cheyenne Way, Zephyr Cove, NV 89448**

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

    **EISENBAND LAW, P.A.**
    Michael Eisenband
    515 E. Las Olas Boulevard,
    Suite 120
    Ft. Lauderdale, Florida 33301
    Email: MEisenband@Eisenbandlaw.com
    Telephone: 954.533.4092

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court (Broward County Courthouse, Clerk of Court, 201 SE Sixth Street, Ft. Lauderdale, FL 33301) either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 04/30/2021 09:25:47 AM.****

WITNESS my hand and the seal of said Court on _____.

APR 30 2021

BRENDA D. FORMAN
CLERK OF THE CIRCUIT COURT

By: _____

BRENDA D. FORMAN

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Diana Sobel at 954-831-7721, Room 201140, 201 SE Sixth Street, Ft. Lauderdale, FL 33301 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days, if you are hearing or voice impaired call 711.**

2

Case Number: CACE-21-008757 Division: 14

Filing # 125910609 E-Filed 04/30/2021 09:25:50 AM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

THOMAS ERVAY,
individually and on behalf of all
others similarly situated,                                CLASS REPRESENTATION

     Plaintiff,                                              JURY TRIAL DEMANDED

v.

TRIBAL NUTRITION LLC,

     Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES

Plaintiff Thomas Ervey, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby

propounds the attached interrogatories to Defendant to be answered under oath in writing.

Date: April 30, 2021

**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301

*/s/ Manuel S. Hiraldo*
_____
Manuel S. Hiraldo
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant with the original service of process of the Complaint.

**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

THOMAS ERVAY,
individually and on behalf of all
others similarly situated,                          CLASS REPRESENTATION

           Plaintiff,                               JURY TRIAL DEMANDED

v.

TRIBAL NUTRITION LLC,


           Defendant.
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff Thomas Ervey, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby propounds the following interrogatories to Defendant to be answered fully and separately in writing and under oath by Defendant.

Date: April 30, 2021


**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301


*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

with the original service of process of the Complaint.

**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

A.      "You" or "Your" shall mean Tribal Nutrition, LLC and/or any and all other person(s) acting on its behalf or at their direction or control, including, but not limited to, present or former employees, staff personnel, agents, servants, consultants, investigators, contractors or subcontractors, advisors, counsel, accountants, representatives, or any other person compensated by you, regardless of whether such compensation is based in whole or in part on commission or some other measure of performance or otherwise and regardless of whether considered or classified as independent contractors.

B.      "Subject Text Message" shall mean the text message sent to Plaintiff as identified in Plaintiff's operative Complaint.

C.      "Text Message(s)" shall mean an electronic message sent to a mobile telephone that is the same or contains similar wording to the Subject Text Message(s) or was sent for the purpose of advertising and/or promoting Defendant's property, goods, and/or services and was sent using the same type of equipment as the Subject Text Message(s).

D.      "Calls" or "Call" shall mean telephone calls (including text messages) made by You or on Your behalf for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services to any telephone number which was called more than one time within any 12-month period, and in which the telephone number had been placed on the National Do Not Call Registry for at least thirty days prior to the transmission of the call.

E.      "Class Members" shall mean all individuals who received Calls during the relevant time period, and for whom You do not claim to have an EBR or Express Invitation or Permission.

5

F.      "Express Invitation or Permission" means a signed, written agreement between the person and You that states that the person agrees to be contracted by You and includes the telephone number to which the calls may be placed, and which was not revoked by the person at any time.

G.      "EBR" means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three (3) months immediately preceding the date of the call, which relationship has not been previously terminated by either party.

H.      "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

I.      The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films. Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

J.      "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

K.      "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

L.      "Third Party" or "Third Party" means any individual, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by Defendant, or any person that does not receive an annual salary from You, including but not limited to affiliates, agents, subsidiaries, and vendors of You.

## TIME FRAME

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

## FIRST SET OF INTERROGATORIES TO DEFENDANT

1.      Identify every insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against You in this action or to indemnify or reimburse for payments made to satisfy the judgment irrespective of whether You have, or intend to, make such a claim.

**ANSWER:**

1.      Identify any Persons or Third-Parties that were involved in the transmission of the Text Messages and, for each, their role in the transmission of the Text Messages.

**ANSWER**:

2.      Identify the total number of Text Messages that have been sent.  For each Text Message, provide all available information, including but not limited to, if available, the date and time of transmission, content of the message, target telephone number, incoming telephone number, and all other available personal identifying information of the target for the Text Messages.

**ANSWER:**

3.      Describe in detail the method or process by which Text Messages were sent.   Your response should include, but not be limited to, a description of each stage of the transmission process for the Text Messages and the names of any software used to transmit the Text Messages.

**ANSWER:**

4.      Describe in detail the method or process by which You or anyone on Your behalf collected or obtained Plaintiff's telephone number.

**ANSWER:**

9

5.     Identify every communication between You and Plaintiff.

**ANSWER:**

6.     Describe the equipment used to send (1) the Subject Text Messages, and (2) if different equipment was used, the Text Messages.

**ANSWER:**

7.     Describe any equipment or software used by You or anyone on Your behalf to store telephone numbers belonging to recipients of Text Messages (including customer relationship management systems or dealer management systems).  Your answer should include a description of how that equipment or software interacts with any equipment or software used to send the Text Messages.

**ANSWER:**

8.     Describe what type of consent or permission, if any, You obtained from Plaintiff to send the Subject Text Messages prior to sending the messages.

**ANSWER:**

11

9.      Describe what type of consent or permission, if any, You obtained from recipients of the Text Messages prior to sending the Text Messages.

**ANSWER**:

10.     Describe the manner in which the list(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

**ANSWER:**

12

11.     Describe the reason(s) why the Text Messages were sent.

**ANSWER:**

12.     Describe any policies or procedures you maintain in order to be complaint with the National Do Not Call Registry

**ANSWER:**

13.     Describe any policies or procedures you maintain in order to be complaint with the National Do Not Call Registry

**ANSWER:**

14. Before you contact someone, explain and describe any process You use to verify whether that telephone number appears on the National Do Not Call Registry.

**ANSWER:**

15. If you assert that you have an EBR or Express Invitation or Permission with Plaintiff, please describe and explain the basis for that assertion.

**ANSWER:**

16. Documents sufficient to identify the Class Members: (1) their name, address, email, and phone numbers; and (2) the source(s) where you obtained the telephone numbers called. As an alternative to production of these documents, Plaintiff will accept a stipulation regarding the numerosity and ascertainability of the putative class members who were sent Calls.

**ANSWER:**

17. Identify the target name and/or phone number for any Calls made where You do not claim to have an EBR or Express Invitation or Permission for the telephone number called.

**ANSWER:**

18. Identify any purchases, payments or deliveries made between Plaintiff and You along with the dates of the transactions.

**ANSWER:**

By:_____

Print Name:_____

**STATE OF** _____ )

                                              ) SS:

**COUNTY OF** _____ )

**BEFORE ME,** the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared _____, who being by me first duly sown, deposes and says that he/she has read the foregoing answers to interrogatories, and that they are true and correct.

**SWORN TO AND SUBSCRIBED before** me this _____ day of _____, 2021.

_____

Notary Public, State of _____

My Commission Expires:

15

Case Number: CACE-21-008757 Division: 14
Filing # 125910609 E-Filed 04/30/2021 09:25:50 AM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.**

**THOMAS ERVAY,**
**individually and on behalf of all**
**others similarly situated,**

**CLASS REPRESENTATION**

     **Plaintiff,**

**JURY TRIAL DEMANDED**

v.

**TRIBAL NUTRITION LLC,**

     **Defendant.**

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff Thomas Ervey, pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests Defendant to produce the following documents and things for inspection and copying, subject to any outstanding objections, within 30 days from date of service hereof.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

A.    "You" or "Your" shall mean Tribal Nutrition, LLC and/or any and all other person(s) acting on its behalf or at their direction or control, including, but not limited to, present or former employees, staff personnel, agents, servants, consultants, investigators, contractors or subcontractors, advisors, counsel, accountants, representatives, or any other person compensated by you, regardless of whether such compensation is based in whole or in part on commission or some other measure of performance or otherwise and regardless of whether considered or classified as independent contractors.

B.    "Subject Text Message" shall mean the text message sent to Plaintiff as identified in Plaintiff's operative Complaint.

1

C.     "Text Message(s)" shall mean an electronic message sent to a mobile telephone that is the same or contains similar wording to the Subject Text Message(s) or was sent for the purpose of advertising and/or promoting Defendant's property, goods, and/or services and was sent using the same type of equipment as the Subject Text Message(s).

D.     "Calls" or "Call" shall mean telephone calls (including text messages) made by You or on Your behalf for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services to any telephone number which was called more than one time within any 12-month period, and in which the telephone number had been placed on the National Do Not Call Registry for at least thirty days prior to the transmission of the call.

E.     "Class Members" shall mean all individuals who received Calls during the relevant time period, and for whom You do not claim to have an EBR or Express Invitation or Permission.

F.     "Express Invitation or Permission" means a signed, written agreement between the person and You that states that the person agrees to be contracted by You and includes the telephone number to which the calls may be placed, and which was not revoked by the person at any time.

G.     "EBR" means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three (3) months immediately preceding the date of the call, which relationship has not been previously terminated by either party.

H.     "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

2

I.       The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.  Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

J.       "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

K.       "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

L.    "Third Party" or "Third Party" means any individual, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by Defendant, or any person that does not receive an annual salary from You, including but not limited to affiliates, agents, subsidiaries, and vendors of You

### TIME FRAME

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

### FIRST REQUEST FOR PRODUCTION TO DEFENDANT

1.    Every insurance agreement under which any insurance business—irrespective of whether you have or intend to make such a claim—may be liable (i) to satisfy all or part of a possible judgment against You in this action, (ii) to indemnify You, (iii) to reimburse You for payments made to satisfy the judgment, or (iv) to pay for Your defense of this lawsuit.

2.    All contracts or agreements between you and any Third-Party regarding the transmission of the Text Messages and Calls.

3.    All communications between You and any Third-Party regarding the transmission of the Text Messages and Calls.

4.    Documents sufficient to identify the identity of any Third Party from which You purchased telephone numbers which were sent Text Messages and Calls.

5.    All communications between You and any Third-Party regarding this lawsuit or Plaintiff.

6.    All invoices or receipts regarding payment to any Third-Party for transmission of the Text Messages.

4

7.      Documents sufficient to identify the hardware, software, and/or methodology used to store Plaintiff's telephone number including any customer relationship management software.

8.      Documents sufficient to identify the hardware, software, and/or methodology used to transmit the Text Messages.

9.      Documents sufficient to identify the following information regarding recipients of the Text Messages, if available: name, home address, email address, phone numbers, and any other personal identifying information.

10.      Documents sufficient to identify each version of the Text Messages.

11.      Documents sufficient to identify each source(s) from which You obtained each telephone number to which Text Messages were transmitted.

12.      Documents sufficient to identify the criteria used to select or obtain the list of telephone numbers to which Text Messages were attempted.

13.      Any lists of telephone numbers purchased by You or on Your behalf from any Third Party which were sent Text Messages.

14.      All call logs, disposition reports, transmission reports, computer-generated document, or other document that identify (1) the total number of Text Messages attempted, (2) the date and time of each Text Message was attempted, (3) the intended recipient of the Text Message, (4) the result of each attempted transmission, i.e., whether each transmission was successfully completed, or (5) any text message response by the recipient of the Text Message(s).

15.      All documents regarding or referring to Plaintiff.

16.      All documents you reviewed and/or relied upon in formulating your responses to Plaintiff's Interrogatories.

17.     All of Your policies, practices, procedures, or instructions related to TCPA compliance, including Do Not Call rules compliance.

18.     Documents sufficient to identify the type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Messages prior to You sending the Subject Text Messages.

19.     Documents sufficient to identify the type of consent or permission, if any, you obtained from recipients of the Text Messages prior to You sending those individuals Text Messages.

20.     Documents sufficient to identify every reason(s) or purpose(s) for why the Text Messages were sent.

21.     All documents pertaining to the marketing or promotion of Your goods or services via the the Text Messages.

22.     Documents sufficient to identify the total revenue, if any, You generated as a result of the Text Messages.

23.     All documents that recorded in writing any formal or informal complaint received by You regarding Your use of the Text Messages.

24.     A copy of any unique versions of any manuals, pamphlets, booklets, instructions, or similar document, related to how the system(s) used to send the Text Messages is used or operates.

25.     A copy of any unique versions of any manuals, pamphlets, booklets, instructions, or similar document, related to the technical capability of the system(s) used to send the Text Messages.

26.     Any documents regarding any policies or procedures for complying with the National Do Not Call Registry.

27.     Documents sufficient to identify the Class Members: (1) their name, address, email, and phone numbers; and (2) the source(s) where you obtained the telephone numbers called.  As an

alternative to production of these documents, Plaintiff will accept a stipulation regarding the numerosity and ascertainability of the putative class members who were sent Calls.

28.     Documents sufficient to identify the target name and/or phone number for any Calls made where You do not claim to have an EBR or Express Invitation or Permission for the telephone number called by You.

29.     Documents sufficient to support your contention, if applicable, that you or anyone else obtained consent to make Calls.

30.     Documents sufficient to support your contention, if applicable, that you had an EBR with anyone to make Calls to them.

31.     Documents sufficient to support your contention, if applicable, that you had the Express Invitation or Permission to make the Calls.

32.     All documents, manuals, memorandum, instructions regarding the National Do Not Call Registry.

Date: April 30, 2021

**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301

/s/ Manuel S. Hiraldo
Manuel S. Hiraldo
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

with the original service of process of the Complaint.

**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301


*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo
Florida Bar No. 030380
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*

Filing # 129595389 E-Filed 06/28/2021 10:07:05 AM

## RETURN OF SERVICE

**State of Florida**                    **County of Broward**                    **Circuit Court**

Case Number: CACE-21-008757 14

Plaintiff: **THOMAS ERVAY**
vs.
Defendant: **TRIBAL NUTRITION LLC**

For:
Michael Eisenband
Eisenband Law, P.A.
515 E Las Olas Blvd
Suite 120
Fort Lauderdale, FL 33301

Received by L & L Process, LLC. on the 3rd day of May, 2021 at 1:44 pm to be served on **TRIBAL NUTRITION LLC REGISTERED AGENT WADE GRIBALDO, 279 CHEYENNE WAY, ZEPHYR COVE, NV 89448.**

I, Ian Williams, do hereby affirm that on the **15th day of June, 2021** at **1:30 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons, Class Action Complaint, First Request for Production, Notice of Serving Interrogatories and Notice of Serving Interrogatories** with the date and hour of service endorsed thereon by me, to: **WADE GRIBALDO as AUTHORIZED / REGISTERED AGENT for TRIBAL NUTRITION LLC**, at the address of: **5304 CALLISTER AVE, SACRAMENTO, CA 95819**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
6/15/2021  1:15 am  Server attempted at TRIBAL NUTRITION LLC, 965 UNIVERSITY AVE, SUITE 150, SACRAMENTO, CA 95825.  Subject requested server deliver documents at his home.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing documents, and that the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

**Ian Williams**
Process Server

**L & L Process, LLC.**
**13876 SW 56 Street**
**Suite 200**
**Miami, FL 33175**
**(305) 772-8804**

Our Job Serial Number: LLP-2021001507

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

Filing # 129992993 E-Filed 07/02/2021 12:51:51 PM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY FLORIDA

CASE NO.: CACE-21-CA-8757

THOMAS ERVAY,
on behalf of herself and all
others similarly situated,

                                  **CLASS ACTION**

     Plaintiff,                     **JURY TRIAL DEMANDED**

v.

TRIBAL NUTRITION LLC,

     Defendant.

_____/

## NOTICE OF APPEARANCE ON BEHALF OF PLAINTIFF

PLEASE TAKE NOTICE that Ignacio J. Hiraldo, of the law firm of IJH Law, enters his

appearance in this case as counsel for Plaintiff, and requests that copies of all pleadings, motions,

orders, notices, correspondence, and documents of any kind regarding the above-styled cause be

served upon said counsel.

Date: July 2, 2021

                                   Respectfully submitted,

                                   */s/ Ignacio J. Hiraldo*

                                   Ignacio J. Hiraldo
                                   **IJH Law**
                                   Florida Bar No. 0056031
                                   1200 Brickell Ave Suite 1950
                                   Miami, FL 33131
                                   Email: ijhiraldo@ijhlaw.com
                                   Telephone: 786.496.4469

                                   Counsel for Plaintiff

1

**CERTIFICATE OF SERVICE**

I CERTIFY that on September 13, 2020, I electronically filed the foregoing with the Clerk

of the Court via the Florida E-Filing Portal, which will cause a copy to be served via email to all

counsel of record.

_/s/ Ignacio J. Hiraldo_

Ignacio J. Hiraldo
**IJH Law**
Florida Bar No. 0056031
1200 Brickell Ave Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.496.4469

2